UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Cliff Levitt, Individually, and on behalf of all the heirs of the Estate of REGINALD DUGUAY, Deceased<br>Plaintiff, | : | |
| vs. | : | C.A. No. 06-430T |
| ASARCO INCORPORATED et al<br>Defendants. | : | |

**ANSWER OF DEFENDANT, INDUSTRIAL HOLDINGS CORPORATION, FORMERLY KNOWN AS THE CARBORUNDUM COMPANY, TO PLAINTIFFS' COMPLAINT AND TO ALL DEFENDANTS' CROSS-CLAIMS**

Defendant, Industrial Holdings Corporation formerly known as The Carborundum Company, (hereafter "Defendant"), answers the above-styled Complaint as follows:

1. Defendant is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this Paragraph and therefore denies the same.

**I.**

2. Defendant is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this Paragraph and therefore denies the same.

3. Defendant is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this Paragraph and therefore denies the same.

4-10. Defendant denies any knowledge or information, except as may hereinafter be specifically admitted, sufficient to form a belief as to the truth of the averments contained in Paragraphs 4 through 10 of Plaintiffs' Complaint, but to the extent an answer may be required, the averments are denied.

11. Defendant denies the allegations contained in Paragraph 11.

12-17. Defendant denies any knowledge or information, except as may hereinafter be specifically admitted, sufficient to form a belief as to the truth of the averments contained in paragraphs 12 through 17 of Plaintiffs' Complaint, but to the extent an answer may be required, the averments are denied.

**II.**

18. Defendant denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

19. Defendant denies the allegations contained in Paragraph 19.

**III.**

20. Defendant denies the allegations contained in Paragraph 20.

**IV.**

21. Defendant denies the allegations contained in Paragraphs 21 and 22.

**V.**

23. Defendant denies the allegations contained in Paragraph 23.

**VI.**

24. Defendant denies the allegations contained in Paragraph 24.

**VII.**

25. Defendant denies the allegations contained in Paragraphs 25 through 28.

**VIII.**

29. Defendant denies the allegations contained in Paragraphs 29 through 30.

**IX.**

31. Defendant denies the allegations contained in Paragraph 31.

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

The Complaint fails to state a claim or cause of action against this Defendant upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Defendant objects to process and service of process as insufficient.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

This Court lacks jurisdiction over the person and/or property of this Defendant. Accordingly this action should be dismissed as to this Defendant.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

If it is judicially determined that Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

This Court lacks subject matter jurisdiction over the subject matter of Plaintiffs' claims.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

This action should be stayed pending the outcome of other, similar actions pending in Mississippi, Texas, and other jurisdictions.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' fraud claims should be dismissed for failure to plead such claims with sufficient particularity.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs'/Plaintiffs' decedents' injuries, if any, were proximately caused by Plaintiffs'/Plaintiffs' decedents free and voluntary assumption of risks which were known by the Plaintiffs'/Plaintiffs' decedents.

**NINTH AFFIRMATIVE DEFENSE**

The conditions alleged by Plaintiffs to have caused their/Plaintiffs' decedents' injuries were both open and obvious.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by applicable statutes of limitation of this state and/or other states, or alternatively, by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs/Plaintiffs' decedents suffered injury or damage as alleged, which is denied, the same resulted solely from acts or omissions of persons or entities for which the Defendant is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against this Defendant are speculative and do not warrant recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

It was the duty of Plaintiffs'/Plaintiffs' decedents' employers, and not this Defendant, to furnish Plaintiffs'/Plaintiffs' decedents with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances, and if Plaintiffs'/Plaintiffs' decedents received any injury or suffered any damage from working with this Defendant's product, which is denied, the failure of Plaintiffs/Plaintiffs' decedents' employers in their duty was the sole proximate cause of any such injury or damage, if any, or, in the alternative, was such an intervening cause as to relieve this Defendant from any liability to Plaintiffs.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs/Plaintiffs' decedents sustained any injury as alleged, which is denied, the same resulted, upon information and belief, from Plaintiffs'/Plaintiffs' decedents own negligence, including the failure to care for their own health by using tobacco products over an extended period of time. The use of said tobacco products or other contributing negligence is the sole, direct and proximate cause, or a contributing cause, of the alleged injuries or damages, if any about which Plaintiffs complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The use by Plaintiffs'/Plaintiffs' decedents of asbestos-containing materials, if any, was in accordance with the requirements of the designs, plans, and specifications of the United States Coast Guard or others and in strict compliance therewith and with all required federal regulations and standards. This Defendant cannot be held to be liable to the Plaintiffs for complying with the designs, plans, specifications, and requirements of the United States Coast Guard or others under national defense

procurement contracts and for supplying materials for such contracts in accordance with their terms.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Any product manufactured, sold or supplied by this Defendant was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs'/Plaintiffs' decedents sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiffs'/Plaintiffs' decedents job sites and substances other than those manufactured or sold by this Defendant, and my cumulative exposure to all types of environmental and industrial pollutants of air and water.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The doctrines of payment, release and accord, and satisfaction, where applicable, bar the recovery sought by Plaintiffs against this Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

There should be no recovery because, upon information and belief, Plaintiffs'/Plaintiffs' decedents failed to mitigate their damages, if any, as required by law.

**TWENTIETH AFFIRMATIVE DEFENSE**

There should be no recovery against this Defendant because, upon information and belief, the conduct of Plaintiffs'/Plaintiffs' decedent or others constituted abuse and

misuse of the product so as to substantially change the condition of the product prior to Plaintiffs'/Plaintiffs' decedents injuries, if any.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

There should be no recovery of punitive damages against this Defendant because such a recovery would violate:

a. The Eighth Amendment to the Constitution of the United States;

b. The Fourteenth Amendment to the Constitution of the United States;

c. The Fifth Amendment to the Constitution of the United States;

d. The Tenth Amendment to the Constitution of the United States;

e. Federal common law; and

f. The Constitution of the State of Rhode Island.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

An award of punitive damages against this Defendant in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as the Constitution of the State of Rhode Island.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

An award of punitive damages against this Defendant in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Constitution of the State of Rhode Island.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred by the "Double Jeopardy" Clause of the Fifth Amendment to the United States Constitution, as applied to the

states through the Fourteenth Amendment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

A damage award based on conspiracy constitutes a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Constitution of the State of Rhode Island.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and damages with anyone, then this Defendant is entitled to a credit and offset in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, the Complaint fails to name indispensable parties and, therefore, must be dismissed. Alternatively, this civil action should be stayed pending other appropriate relief by the Court.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This Defendant has no liability to Plaintiffs because Plaintiffs'/Plaintiffs' decedents employers were sophisticated employers with the result that any duty of this Defendant to warn of any danger incident to use, exposure or installation of the products (the existence of such duty is denied) was discharged by those employers' intervening duties to give Plaintiffs/Plaintiffs' decedents all required warnings.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

There should be no recovery against this Defendant for medical expenses incurred in the care, diagnosis or treatment of injury to Plaintiffs'/Plaintiffs' decedent, if

any, because said Plaintiffs'/Plaintiffs' decedents employers are obligated under the Workers' Compensation laws of the states of Plaintiffs'/Plaintiffs' decedents residence to pay for medical expenses which were incurred as a result of this occurrence, or because said Plaintiffs'/Plaintiffs' decedents were entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and/or future medical expenses.

**THIRTIETH AFFIRMATIVE DEFENSE**

There should no recovery against this Defendant because, to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the state of the medical and industrial art as it existed at all pertinent times.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

There should be no recovery against this Defendant because of any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to Plaintiffs' claims, said Plaintiffs'/Plaintiffs' decedents were possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and/or Plaintiffs/Plaintiffs' decedents were required to follow specific written safety procedures as established by Plaintiffs'/Plaintiffs' decedents employers which negated the need or requirement of any such warning.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

There should be no recovery against this Defendant because the exposure of Plaintiffs'/Plaintiffs' decedents to this Defendant's products, if any, was de minimus. If it is shown at the time of trial that Plaintiffs'/Plaintiffs' decedents were exposed to any

product of this Defendant, said exposure was so minimal as to be insufficient to establish to a reasonable degree of probability that this Defendant's product substantially factored in or was the proximate cause of the alleged injuries.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs have filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The products in issue were changed, altered, or modified after they left this Defendant's control and such change, alteration, or modification was the legal cause of Plaintiffs'/Plaintiffs' decedents damages, if any.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs'/Plaintiffs' decedents were negligent in the use and operation of the products in issue, if any, and any recovery should be reduced in proportion to the degree of Plaintiffs'/Plaintiffs' decedents own negligence.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted by the regulations of the Occupational Safety and Health Administration and other applicable federal laws.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs'/Plaintiffs' decedents used any of this Defendant's products, which is denied, on information and belief, such products were used for a purpose, in a manner or in an activity contrary to express adequate instructions or warnings appearing on or attached to the products or on their original containers or wrappers. Alternatively, the

absence of warnings on any products sold by this Defendant did not make such products defective and unreasonably dangerous nor did it lead to reliance by the Plaintiffs'/Plaintiffs' decedents or their employers, on the safety of any such products.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

This Defendant was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

This Defendant denies that Plaintiffs'/Plaintiffs' decedents were ever exposed to any asbestos-containing products sold by this Defendant.

**FORTIETH AFFIRMATIVE DEFENSE**

If it be proved that this Defendant furnished any products to the employers of Plaintiffs'/Plaintiffs' decedents, to which products Plaintiffs'/Plaintiffs' decedents were exposed, then any such products were furnished in strict conformity to the specifications furnished through such employers.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs'/Plaintiffs' decedents were exposed to any alleged product which was acquired from or sold by or used on behalf of the United States of America or any state or political subdivision thereof, this Defendant is entitled to any sovereign or governmental immunity available to the United States or any such state or political subdivision.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs have settled some or all of their claims against other parties or potential joint tortfeasors, then Defendant is entitled to a settlement credit.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

This Defendant denies that it participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities, characteristics, or properties of any product it designed, manufactured, marketed or sold.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from bringing this action under the doctrine of res judicata.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Some or all of the issues in the lawsuit have already been litigated and, therefore, Plaintiffs are collaterally estopped from re-litigating those issues.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

No duty to warn or notify Plaintiffs'/Plaintiffs' decedents of any danger from exposure to this Defendant's products has ever devolved upon this Defendant; nevertheless, any delay by this Defendant in notification or warning to Plaintiffs'/Plaintiffs' decedent of such danger which is claimed to have been required (and this Defendant denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiffs against this Defendant. Significantly, before the time any alleged duty to notify or warn could have arisen as to this Defendant, Plaintiffs/Plaintiffs' decedents were exposed to asbestos and/or silica from other sources sufficient to cause their conditions, and notification or warning thereafter is of no value. There is, therefore, no proximately causal relationship between any delay in notification or warning to Plaintiffs/Plaintiffs' decedents and their subsequent alleged conditions.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Any injuries, illnesses, diseases, disabilities, losses or damages alleged by Plaintiffs'/Plaintiffs' decedents were proximately caused or contributed to by an act or acts and omission or omissions on the part of Plaintiffs'/Plaintiffs' decedents fellow servants, fellow supervisors and employers, and, accordingly, recovery or relief against this Defendant is barred.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

At all times material hereto, the state of the medical and industrial act was such that there was no generally accepted or recognized knowledge of any unavoidable unsafe, inherently dangerous, hazardous or defective character, or nature of the asbestos products allegedly at issue, when used in the manner and for the purposes intended so that there as no duty by this Defendant to know of such character or nature, or to warn Plaintiffs'/Plaintiffs' decedents or others similarly situated.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

If Plaintiffs'/Plaintiffs' decedents were employees of this Defendant during their alleged exposure, their claims are barred by the exclusive remedy provisions of the applicable Workers' Compensation Act as to each applicable defendant.

**FIFTIETH AFFIRMATIVE DEFENSE**

The manufacture, packaging and sale of all products produced by this Defendant met all state-of-the-art design, manufacturer requirements and applicable federal and state codes at the time of manufacture.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiff'/Plaintiffs' decedents pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by this Defendant. All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs'/Plaintiffs' decedents pre-existing injuries and conditions.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

This Defendant reserves the right to amend its answer and affirmative defendants after investigation, discovery and further information is disclosed to this Defendant to enable it to properly answer the Complaint and defend the claim asserted herein against this Defendant. This Defendant further will rely upon any law that is available to it after the completion of discovery and investigation of this cause.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

This Defendant retains its right to seek contribution and/or indemnification against any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

This Defendant adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses were not inconsistent with this Defendant's assertion that it is not liable to Plaintiffs for any amount whatsoever.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed based on a mis-joinder of parties and/or claims.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Venue is improper.

WHEREFORE, Industrial Holdings Corporation formerly known as The Carborundum Company, respectfully requests that this Court enter judgment in its favor and against Plaintiffs and award its costs, expenses and any other appropriate relief.

**ANSWER OF INDUSTRIAL HOLDINGS CORPORATION FORMERLY KNOWN AS THE CARBORUNDUM COMPANY TO ALL CROSS-CLAIMS OF DEFENDANTS ASSERTING CROSS-CLAIMS OR WHO MAY ASSERT CROSS-CLAIMS**

The Defendant, Industrial Holdings Corporation formerly known as the Carborundum Company files this answer to all cross-claims and says as follows:

**FIRST DEFENSE**

Each and every cross-claim filed herein fails to state a cause of action against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

This Defendant denies each and every allegation against it contained in each and every cross-claim filed herein.

**THIRD DEFENSE**

This Defendant hereby adopts and incorporates herein by reference each and every responsive pleading and affirmative defense as set forth in its answer to the Complaint as if fully set forth herein.

**FOURTH DEFENSE**

Those defendants filing cross-claims have no cause of action for contribution and/or indemnification against this Defendant.

WHEREFORE, Industrial Holdings Corporation formerly known as The Carborundum Company, demands that all claims against it be dismissed, with prejudice.

Defendant,
Industrial Holdings Corporation fka
The Carborundum Company,
By its Attorneys,

/s/R. Bart Totten
Mark O. Denehy (#3492)
R. Bart Totten (#5095)
James R. Oswald (#5727)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: November 20, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Answer through the ECF system on the 20th of November, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 06-430T.

/s/R. Bart Totten

*28885_1.doc*