IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLIFF LEVITT, Individually, and on behalf of all the heirs of the Estate of REGINALD DUGUAY, deceased, *Plaintiffs*, | ) | |
| v. | ) | Civil Action Number: 06-430-T |
| 3M COMPANY, et al. *Defendants*. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND ANSWER TO ALL CROSS-CLAIMS OF DEFENDANT 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY a/k/a 3M**

3M Company, Defendant in the above-captioned matter ("Defendant")[1], hereby demands a trial by jury and answers Plaintiffs' Complaint as follows:

**COMPLAINT AND JURY DEMAND**

1. The allegations set forth in paragraph 1 of the Plaintiffs' Complaint do not contain any factual allegations, but merely contain legal conclusions to which the defendant need not reply. In the event these allegations are construed to require a response, the defendant denies the same.

**COUNT I**

2. Defendant 3M Company a/k/a Minnesota Mining & Manufacturing Company a/k/a 3M admits only that it is a Delaware Corporation with its principal place of business in Minnesota.

3. The allegations set forth in paragraph 3 of the Plaintiffs' Complaint do not contain any factual allegations, but merely contain legal conclusions to which the defendant need not reply. In the event these allegations are construed to require a response, the defendant

[1] Many of the Plaintiffs' allegations are made against all of the Defendants named in this action. 3M Company a/k/a Minnesota Mining & Manufacturing Co. a/k/a 3M, answers only on behalf of itself, and has no information regarding the truth or falsity of allegations made against other Defendants.

agrees that the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, controls jurisdiction.

4-13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Nos. 4 through 13 and therefore denies the same.

14. Defendant 3M Company a/k/a Minnesota Mining & Manufacturing Company a/k/a 3M admits only that it is a Delaware Corporation with its principal place of business in Minnesota and denies that at "all relevant times," it did business in the State of Rhode Island.

15-17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph Nos. 15 through 17 and therefore denies the same.

**COUNT II**

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

**COUNT III**

20. Defendant denies the allegations contained in paragraph 20.

**COUNT IV**

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

**COUNT V**

23. Defendant denies the allegations contained in paragraph 23.

**COUNT VI**

24. Defendant denies the allegations contained in paragraph 24.

**COUNT VII**

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

**COUNT VIII**

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

**COUNT IX**

31. Defendant denies the allegations contained in paragraph 31, including all sub-parts.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiffs are not entitled to relief for insufficiency of service of process.

**THIRD DEFENSE**

Plaintiffs have failed to properly serve process.

**FOURTH DEFENSE**

This Court lacks personal jurisdiction over Defendant for the causes of action alleged in Plaintiffs' Complaint, pursuant to applicable statutes.

**FIFTH DEFENSE**

This Court lacks subject matter jurisdiction over the claims set forth in Plaintiffs' Complaint.

**SIXTH DEFENSE**

Plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

**SEVENTH DEFENSE**

The claims set forth in Plaintiffs' Complaint were not brought within the time limited by statute for commencement of such action.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches, as Plaintiffs inexcusably failed to notify the necessary parties of the claims or give due and timely notice of their claims against Defendant, all to the prejudice of the Defendant.

**NINTH DEFENSE**

Plaintiff's decedent willingly, knowingly, and voluntarily assumed the risk of his alleged illnesses and injuries for which relief is sought in this matter, and therefore, recovery is barred.

**TENTH DEFENSE**

Plaintiff's decedent failed to exercise ordinary care for his own safety and well-being, and that failure to exercise ordinary care proximately and directly caused and/or contributed to his alleged illness and injury.

**ELEVENTH DEFENSE**

Plaintiffs' claims against Defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of the Defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this Defendant is not responsible and over whom this Defendant had neither control nor the right of control.

**TWELFTH DEFENSE**

Defendant denies that it or its agents or servants made any express warranties as alleged.

**THIRTEENTH DEFENSE**

If Defendant, its servants or agents made any express and/or implied warranties, allegations that the Defendant specifically denies, then Defendant denies that it breached any of the warranties.

**FOURTEENTH DEFENSE**

Plaintiffs never, prior to the filing of the Complaint, informed this Defendant, by notification or otherwise, of any breach of express and/or implied warranties. Plaintiffs failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable statutes. Consequently, the claims of breach of express and/or implied warranties against this Defendant are barred.

**FIFTEENTH DEFENSE**

Defendant denies that privity of contract between Plaintiffs and/or Plaintiff's decedent and itself ever existed.

**SIXTEENTH DEFENSE**

If Defendant was negligent or in breach of warranty, all of which it expressly denies, the Defendant's liability in any or all of these events has been terminated by the intervening acts, omissions or negligence of others over whom this Defendant had neither control, nor the right of control, and for whose conduct this Defendant is not legally responsible.

**SEVENTEENTH DEFENSE**

Defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging distributing, delivery, and/or sale, in any asbestos product or material referred to in Plaintiffs' Complaint but if there was any defect or negligence as alleged, then the Defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**EIGHTEENTH DEFENSE**

Plaintiff's decedent's employer or employers were negligent with respect to the matters set forth in the Complaint, and such negligence caused in whole or in part whatever disease, injury or disability, if any, which Plaintiffs and/or the decedent may have sustained, as set forth in the Complaint. Therefore, even if Plaintiffs are entitled to recover against Defendant, which Defendant specifically denies, Plaintiffs are not entitled to recover in the amount set forth in the Complaint because Defendant is entitled to set off any and all workmen's compensation payments against any judgment which might be rendered in Plaintiffs' and/or Plaintiff's decedent's favor.

**NINETEENTH DEFENSE**

Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised his claims herein, and accordingly, said claims are barred by operation of law.

**TWENTIETH DEFENSE**

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiffs' Complaint, which caused injury to Plaintiffs and/or Plaintiff's decedent. Notwithstanding, at all times and places mentioned in the Complaint, the decedent and/or other persons, without Defendant's knowledge and approval, redesigned, modified, altered, and used Defendant's products contrary to instructions and contrary to the custom and practice of the industry.

**TWENTY-FIRST DEFENSE**

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiffs' Complaint which caused injury to Plaintiffs and/or Plaintiffs' decedent. Notwithstanding, at all times and places mentioned in the Complaint, the decedent and/or other persons used Defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to Defendant, and for a purpose for which the products were not intended, manufactured, or designed. Plaintiffs' and decedent's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the decedent and/or such other parties or persons.

**TWENTY-SECOND DEFENSE**

At all times and places mentioned in the Complaint, Plaintiffs and Plaintiff's decent failed to make reasonable efforts to mitigate their injuries and damages, if any.

**TWENTY-THIRD DEFENSE**

If it is proven at trial that products of Defendant were furnished, as alleged, to Plaintiff's decedent's employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured, processed or supplied which was or may have been so furnished and which was so used, was supplied in accordance with specifications established and promulgated by that employer(s), agencies or departments of the United States of America, other persons and/or entities.

**TWENTY-FOURTH DEFENSE**

Pursuant to either 33 U.S.C., §905, as amended, or analogous Rhode Island statutes, Plaintiffs' exclusive remedy is under either the Longshoremen's and Harbor Workers' Compensation Act, or analogous Rhode Island statutes, wherefore, Plaintiffs is barred from recovery in this action.

**TWENTY-FIFTH DEFENSE**

If Plaintiffs and/or Plaintiff's decedent applied for and received workers' compensation benefits, then this Complaint is barred by the provisions of the Workers' Compensation Act, so-called, Title 28-38 inclusive, General Laws of Rhode Island, 1956, as amended.

**TWENTY-SIXTH DEFENSE**

The claims in the Complaint and each count thereof that seek exemplary or punitive damages violate Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Rhode Island.

**TWENTY-SEVENTH DEFENSE**

Defendant denies that Plaintiffs is entitled to the damages claimed or to the relief demanded.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

**TWENTY-NINTH DEFENSE**

There was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless disregard of Plaintiffs' and/or the decedent's rights, or malice (actual, legal or otherwise) on the part of the Defendant.

**THIRTIETH DEFENSE**

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiffs' Complaint which caused injury to Plaintiffs and/or Plaintiff's decedent. Notwithstanding, if the decedent used or was exposed to Defendant's products as alleged, his exposure was so minimal as to be insufficient to establish a reasonable degree of probability that Defendant's product or products caused decedent's alleged injuries and illnesses.

**THIRTY-FIRST DEFENSE**

The causes of action asserted by the Plaintiffs, to the extent that Plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, for, if relief be granted, the Defendant's constitutional right to substantive and procedural due process of law would be contravened.

**THIRTY-SECOND DEFENSE**

The causes of action asserted by Plaintiffs, to the extent that Plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, for, if relief be granted, such relief would constitute a taking of the Defendant's property for a public use without just compensation, a violation of the Defendant's constitutional rights.

**THIRTY-THIRD DEFENSE**

The causes of action asserted by Plaintiffs, to the extent that Plaintiffs are unable to identify the manufacturers or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted because such a relief would constitute a denial by this Court of the Defendant's constitutional right to equal protection under the law.

**THIRTY-FOURTH DEFENSE**

Punitive damages are unconstitutional for the following reasons:

a. Subjecting Defendant to multiple trials for the same course of conduct and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the Constitution of the State of Rhode Island;

b. The standard award of punitive damages is constitutionally void for vagueness;

c. There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct.

**THIRTY-FIFTH DEFENSE**

Plaintiffs fail to state a claim upon which punitive damages may be awarded.

**THIRTY-SIXTH DEFENSE**

The minimum recovery provision of the Rhode Island Wrongful Death Act, R.I. Gen. Laws § 10-7-2 (1998) is unconstitutional because it:

a. violates Defendant's right to substantive and procedural due process and equal protection and privilege under the Fourteenth Amendment to the United States Constitution and Section 2 of Article 1 of the Constitution of the State of Rhode Island;

b. imposes an excessive civil penalty and a disproportionate punishment barred by the Eight Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and of Section 8 of Article 1 of the Constitution of the State of Rhode Island;

c. violates Defendant's right to trial by jury under the Seventh Amendment to the United States Constitution and under Section 15 of Article 1 of the Constitution of the State of Rhode Island, and right to equal access to justice under Section 5 of Article 1 of the Constitution of the State of Rhode Island and First Amendment to the United States Constitution;

d. violates separation of powers under Section 5 of Article 10 and Article 3 of the Constitution of the State of Rhode Island;

e. is an ex post facto law in violation of Section 9 of Article I of the United States Constitution and Section 12 of Article 1 of the Constitution of the State of Rhode Island.

**THIRTY-SEVENTH DEFENSE**

If Plaintiffs and/or decedent settled with and/or released other defendants or entities who are tortfeasors in accordance with Rhode Island General Laws, Sections 10-6-1 through 10-6-11, as amended, Defendant is entitled to a reduction of any judgment either in the total of all of the settlement amounts or the pro-rata share of the fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**THIRTY-EIGHTH DEFENSE**

The state of the medical and scientific knowledge regarding the Defendant's products and/or their contents, at all times material hereto, was such that Defendant never knew or could have known that its products presented any risk of harm to the decedent if such products were properly used.

**THIRTY-NINTH DEFENSE**

This Defendant's first notice of claims set forth in Plaintiffs' Complaint was service of said Complaint upon it and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

**FORTIETH DEFENSE**

Defendant avails itself of, and adopts such other defenses raised by any other defendant as may be applicable.

**FORTY-FIRST DEFENSE**

All of Plaintiffs' causes of action are barred by R.I. Gen. Laws § 9-1-29.

**FORTY-SECOND DEFENSE**

Defendant asserts that the Plaintiffs' actions have been filed in an improper venue.

**FORTY-THIRD DEFENSE**

Defendant pleads comment K of the Restatement (Second) of Torts.

**FORTY-FOURTH DEFENSE**

Defendant pleads comment J of the Restatement (Second) of Torts.

**FORTY-FIFTH DEFENSE**

Plaintiffs' and Plaintiffs' decedent's injuries are attributable to causes other than asbestos allegedly released from Defendant's products or not blocked by Defendant's products and there

is reasonable basis to apportion causation pursuant to the Restatement (Second) of Torts § 433A. Accordingly, recovery must be denied for injuries or portions of injuries attributable to other causes.

## FORTY-SIXTH DEFENSE

If the Defendant is found liable, it is severally liable only pursuant to the principles set forth in the Rhode Island Supreme Court opinion of Wilson v. Krasnoff (1989).

## FORTY-SEVENTH DEFENSE

The laws of other states including but not limited to, in this case Maine, Connecticut, Massachusetts and/or Vermont apply to this action.

## FORTY-EIGHTH DEFENSE

Defendant states that the law of the United States 55 FR 5144 and amendments thereto: Environmental Protection Agency summaries produced pursuant to the Asbestos Information Act of 1988, applies to issues in this case (i.e. identifying products which contain asbestos) and requests that this court take notice of said federal law pursuant to R. I. Gen. Laws 9-19-1 (1985 Reenactment); 9-19-3 (1985 Reenactment); and 9-19-6 (1985 Reenactment).

## FORTY-NINTH DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claimed to have been sustained by the Plaintiffs and/or Plaintiffs' decedent.

## FIFTIETH DEFENSE

Plaintiffs have failed to file a filing fee for each named plaintiffs and therefore the Complaint must be dismissed as to the named plaintiffs for which no filing fee has been filed.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims should be dismissed based on the doctrine of forum non conveniens, as the plaintiffs reside, and the Plaintiffs' Decedent resided in Ontario, Canada and the Plaintiff's Complaint alleges Plaintiffs' Decedent was exposed to asbestos solely while working within the Canadian Province of Ontario.

**ANSWER TO ALL CROSS-CLAIMS**

3M Company answers the cross-claims of all co-defendants (including third-party defendants), however asserted or alleged, as follows:

1. 3M Company denies all cross-claims for contribution alleged against it.

2. 3M Company denies all cross-claims for indemnification alleged against it.

3. 3M Company denies each and every allegation contained in the cross-claims not expressly admitted herein.

3M Company repeats and incorporates by reference its Affirmative Defenses set forth in the Answer of 3M Company to the Complaint.

**JURY CLAIM**

WHEREFORE, the Defendant Minnesota Mining & Manufacturing Co. a/k/a 3M, DEMANDS A TRIAL BY JURY on all issues brought by or against it in this action.

The Defendant,
Minnesota Mining & Manufacturing Co.
a/k/a 3M,
By its Attorneys,

George E. Wakeman, Jr.
R.I. BBO #5255
ADLER, COHEN, HARVEY,
WAKEMAN & GUEKGUEZIAN, LLP
75 Federal Street, Tenth Floor
Boston, Massachusetts 02110
(617) 423-6674

DATED: November 21, 2006

**CERTIFICATE OF SERVICE**

I, George E. Wakeman, Jr., counsel for the defendant, 3M Company, hereby certify that on November 21, 2006, I served a copy of the following:

1. ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANT 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY a/k/a 3M; and

2. NOTICE OF APPEARANCE,

by mailing said copy, postage prepaid, to all counsel of record:

George E. Wakeman, Jr.