**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CLIFF LEVITT, Individually, and on Behalf of all the heirs of the Estate of REGINALD DUGUAY, Deceased, | |
| Plaintiff, | |
| v. | Civ. A. No. 06-430T |
| ASARCO INCORPORATED, et al. | |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANT GARLOCK SEALING TECHNOLOGIES LLC, SUCCESSOR IN INTEREST TO GARLOCK, INC., IN SUPPORT OF ITS MOTION TO DISMISS ON THE GROUNDS OF *FORUM NON CONVENIENS***

## INTRODUCTION

Plaintiff's civil action presents the Court with a model case for the application of the common law doctrine of *forum non conveniens* because Plaintiff's claims have no nexus whatsoever with his chosen forum, Rhode Island. In the present case, Plaintiff is a Canadian national who asserts claims that arose exclusively in Canada. None of the parties resides in Rhode Island, is incorporated in Rhode Island, or has a principal place of business in Rhode Island. The harm alleged by Plaintiff did not occur in Rhode Island, and the products which allegedly caused the harm were not manufactured in Rhode Island. Accordingly, Plaintiff's complaint is devoid of any allegations that any events relevant to his claims occurred in Rhode Island.

Under *Gilbert* and its progeny, Plaintiff's claims should be dismissed. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947); *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8 (1st Cir. 2000). Canadian courts regularly entertain product liability actions, and United States Courts repeatedly have recognized Canada as a proper sovereign entity in which plaintiffs may file civil actions. *See, e.g., Stewart v. Dow Chem. Co.*, 865 F.3d 103, 107 (6th Cir. 1989) (dismissal of a product liability action in favor of Canadian form); *Miskow v. Boeing Co.*, 664 F.2d 205, 207-208 (9th Cir. 1981) (same); *Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944 (1st Cir. 1991) (affirming dismissal on *forum non conveniens* grounds where Canada was held to be an adequate, alternative forum for the American plaintiff to entertain a securities fraud claim against a Canadian company). Accordingly, Canada is an adequate and available forum in which Plaintiff might pursue his claims.

The public and private factors of *Gilbert*, moreover, overwhelmingly show that Rhode Island is an inappropriate and burdensome forum because the harm allegedly occurred in Canada, the majority of the witnesses and evidence is located in Canada, and Canadian law likely will govern Plaintiff's claims. Because Plaintiff's claims lack any substantive connection with the forum state, this Court should dismiss these claims on *forum non conveniens* grounds so that this Court and defendants may avoid the very burdens and costs that the doctrine was designed to prevent.

## STATEMENT OF THE FACTS

Mr. Levitt, a Canadian citizen, alleges that Reginald Duguay was exposed in Canada to asbestos-containing products that defendants manufactured or sold and that this exposure caused Mr. Duguay bodily injury. *See* Complaint, ¶¶ 2, 18. Upon

information and belief, Mr. Duguay and his heirs are also citizens and residents of Canada. *See* Complaint, ¶ 18. None of the defendants is incorporated in Rhode Island or has a principal place of business in Rhode Island. *See* Complaint, ¶¶ 4-17. There is no allegation that the defendants manufactured their products in Rhode Island. In addition, the alleged asbestos exposure occurred in Canada, not Rhode Island. *See* Complaint, ¶ 18. The only connection alleged by the plaintiff is that the defendants are authorized to do business in the State of Rhode Island. *See* Complaint, ¶¶ 2, 4-17.

**STATEMENT OF THE LAW**

The common law doctrine of *forum non conveniens* permits the Court to decline jurisdiction whenever "'trial in the chosen forum would "establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."'" *Everett/Charles Contact Products, Inc. v. Gentec, S.A.R.L.*, 692 F. Supp. 83, 87 (D.R.I. 1988) (*quoting Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258 (1981)). The decision to grant a motion to dismiss on the *forum non conveniens* grounds is committed to the sound discretion of the trial court. *See Piper Aircraft Co.*, 454 U.S. at 257, 102 S. Ct. at 226.[1] The doctrine exists to help the courts and the parties avoid the unnecessary time, expense, and unfair prejudice that results from litigating in an inconvenient forum when another, more convenient forum exists. *Gilbert*, 330 U.S. at 507.

[1] The U.S. Supreme Court in *Piper* emphasized the significant interest of domestic courts in utilizing the *forum non conveniens* doctrine to stem the "flow of litigation" by foreign plaintiffs involving foreign accidents, which would otherwise "further congest already crowded courts." *Piper Aircraft*, 454 U.S. at 252, 102 S. Ct. at 264.

As a threshold matter, then, the court must determine whether there exists an adequate, alternative forum. *See Piper Aircraft*, 454 U.S. at 255, n. 22 ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum."). The First Circuit has held that an alternative forum is adequate if "(1) all parties can come within that [alternative] forum's jurisdiction, and (2) [the parties] will not be 'deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court.'" *Mercier v. Sheraton Int'l, Inc. a/k/a ITT-Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir. 1991) (*quoting In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987)). Courts generally deem the alternative forum adequate if it addresses the types of claims that the plaintiff has brought and the defendant is amenable to service of process in that forum. *See Iragorri*, 203 F.3d at 12; *Piper Aircraft*, 454 U.S. at 255, n. 22 ("Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.").

"That the alternative forum is in a foreign country generally is not a bar to dismissal." *Everett/Charles*, 692 F. Supp. at 87. The alternative forum is not unsuitable simply because American law may differ in some ways from the law of the alternative forum; rather, for the alternative forum to be inadequate, the remedy provided by the alternative forum must be so clearly inadequate or unsatisfactory that there is no remedy at all. *See Piper Aircraft*, 454 U.S. at 255. Where, as here, the alternative forum has a developed and respected legal system, any differences in the applicable law are not material to the *forum non conveniens* analysis. *Howe*, 946 F.2d at 952 (holding that

differences between Canadian and American law in light of the plaintiff's claims were inconsequential to the *forum non conveniens* analysis).

After the court has determined that an adequate, alternative forum exists, it must weigh the public and private factors that the Supreme Court first set out in *Gilbert*. *See Gilbert*, 330 U.S. at 508. The private factors, which primarily focus on the interests of the litigants, include: (1) relative ease of access to sources of proof; (2) availability of compulsory process of attendance of witnesses; (3) costs of obtaining attendance of willing non-party witnesses; (4) possible view of premises; and (5) all other practical problems. *Id*. The public factors, on the other hand, implicate the interests of the judicial system and forum residents, including: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the controversy decided in the jurisdiction whose law will be applied; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id*.

In weighing these factors, however, a foreign plaintiff's choice of an American forum is entitled to less deference than an American citizen's choice of his home forum: "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper Aircraft*, 454 U.S. at 255-56; *see also Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989).

## ARGUMENT

### A. Canada is an adequate, alternative forum.

There can be no dispute that Canada is a proper and available forum for Plaintiff's claims. Canadian courts routinely entertain the types of claims that Plaintiff asserts in this action. *See, e.g.*, *Stewart*, 865 F.3d at 107 (dismissal of a product liability action in favor of Canadian form); *Miskow*, 664 F.2d at 207-208 (same); *see also* J. Scott Maidment, *Defending Your Own Product in Canada*, at pp. 8–9, attached hereto as **Exhibit A**. Canadian courts also have established discovery procedures, just as the United States courts do. *See Defending Your Own Product*, at pp. 60–61. In fact, the First Circuit Court of Appeals previously has affirmed an order of dismissal on *forum non conveniens* grounds where the alternative forum was Canada. *See Howe*, 946 F.2d at 952.

Moreover, the defendants are all subject to service of process in Canada as well as to the jurisdiction of the Canadian courts because they all allegedly made or sold products in Canada or otherwise allegedly committed acts that caused injury in Canada. *See Defending Your Own Product*, at 8–9. Accordingly, Canada is an adequate alternative forum. *Mercier*, 935 F.2d at 424.

### B. The Private Factors of the *Gilbert* Test Overwhelmingly Support Dismissal in Favor of a Canadian Forum.

Plaintiff chose to file suit against defendants in a forum that has no connection to his underlying asbestos claims. Mr. Duguay's alleged exposure, as well as his alleged injuries and damages, occurred exclusively in Canada. In fact, Plaintiff's complaint fails to identify any conduct by Garlock or any of the parties that occurred in Rhode Island. As a result, most, if not all, of the relevant evidence and witnesses related to Mr.

Duguay's exposure, injury, and damages will be located in Canada; none is located in Rhode Island.[2]

Where, as here, the events relevant to a plaintiff's claims occurred in Canada, that most of the relevant documents were located in Canada, and that most of the relevant witnesses were in Canada, the First Circuit has recognized that dismissal on *forum non-conveniens* grounds is appropriate—and for good reason. *Howe*, 946 F.2d at 951. Because Mr. Duguay was exposed to asbestos in Canada, extensive discovery from multiple Canadian sources will be needed regarding his employment records, work conditions, asbestos product usage at each worksite, alternative sources of exposure, complete medical records, and damages. Yet, given that Plaintiff's employers, co-workers, and health care institutions and professionals are located in Canada, most of the relevant evidence will be outside the control of any party or this Court.[3] Although many of these third-party witnesses presumably live in or around the places where Mr. Duguay worked and would be subject to compulsory process in Canada, they will not be subject to compulsory process in Rhode Island. *See Howe*, 946 F.2d at 951 ("only Canadian courts, not courts within the United States, have the legal power to compel the testimony of [the] Canadian potential witnesses who are not under the control of any party.").

---

[2] *See Jennings v. Boeing Co.*, 660 F. Supp. 796, 806 (E.D. Pa. 1987): "While procedures exist for obtaining documentary evidence and testimony abroad, such as the use of letters rogatory, these procedures are cumbersome and costly, and often fail to adequately secure full foreign discovery. *See Pain [v. United Technologies, Corp.*, 637 F.2d 775, 789 (D.C. Cir. 1980)] (describing the procedural and practical inadequacies of foreign discovery); see generally Fed. R. Civ. P. 28(b); Multilateral convention on the Taking of Evidence Abroad in Civil and Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S N. 7444. This factor as well points toward dismissal."

[3] For example, defendants will need to conduct on-site discovery, all of which sites are located in Canada. Site inspections of Mr. Duguay's Canadian worksites are necessary to determine his alleged exposure to asbestos containing products based upon the type of facility, its ventilation, release rates, and the existence of other asbestos containing products at the facility, but those inspections may not be possible because of the lack of compulsory process. Attempting to obtain these materials when they are located in a foreign country places unwarranted burdens on the defendants and will greatly increase the complexity and cost of adjudicating these cases. *See Jennings*, 660 F. Supp. At 806.

Thus, given that (i) Plaintiffs claims have no connection to this State and (ii) the Rhode Island courts cannot compel third parties in Canada to produce documents or to testify at trial, retaining jurisdiction threatens materially to impair defendants' access to evidence that is critical to their defense of these cases. *See Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843 (recognizing that "[i]mportant considerations" include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling" witnesses). Garlock, therefore, urges this Court to grant its motion and allay the burdens of a patently inconvenient forum, which the doctrine of *forum non conveniens* was designed to prevent. *See*, *e.g.*, *Bellin v. John Mansville Corp.*, 366 N.W.2d 20, 22 (Mich. App. 1985) (upholding dismissal on *forum non conveniens* grounds where "the far greater concentration of sources of cogent discovery and trial evidence available through compulsory process, *e.g.*, factual witnesses concerning out-of-state employments and exposures, medical witnesses and documentation" was in another state); *Burns v. AP Green Indus., Inc.*, 761 N.W.2d 380 (Ill. App. 2001) (applying *forum non conveniens* analysis to transfer asbestos suits to county where exposure occurred and majority of witnesses were located).

**C. The Public Factors of the *Gilbert* Test Strongly Support Dismissal in Favor of a Canadian Forum.**

*Forum non Conveniens* also recognizes that a court may decline jurisdiction when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Everett/Charles Contact Products, Inc.*, 692 F. Supp. at 87 (*quoting Piper Aircraft Co.*, 454 U.S. at 241, 102 S.Ct. at 258). That is, in addition to protecting the parties from an inconvenient forum, the doctrine also considers

the effect on courts and juries of having to expend scarce judicial resources on cases that do not implicate any interests of the forum:

> Three principles may be derived from the list of public interest factors enunciated in *Gilbert*: first, that courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it; second, that courts may legitimately encourage trial of controversies in the localities in which they arise; and third, that a court may validly consider its familiarity with governing law when deciding whether or not to retain jurisdiction over a case. Thus, … a trial court has discretion to grant *forum non conveniens* dismissal upon finding that retention of jurisdiction would be unduly burdensome to the community, that there is little or no public interest in the dispute, or that foreign law will predominate if jurisdiction is retained.

*Pain*, 637 F.2d at 791-92.[4]

Given that the present controversy relates exclusively to events in Canada—where defendants' allegedly asbestos-containing products were purportedly located and where Mr. Duguay's alleged exposure to and medical treatment for asbestos occurred—Rhode Island has no interest in the underlying dispute. Plaintiff's choice of forum forces Rhode Island jurors to shoulder the burden of hearing these foreign claims—even though this Canadian plaintiff has a Canadian forum open and available to him. Rhode Island citizens will be required to expend their time and public duty evaluating claims that involve a Canadian individual who worked in Canada, was allegedly exposed to asbestos in Canada, was injured in Canada, and received treatment for his injuries in Canada. Unlike *Mercier*, where the defendant corporation had a principal place of business in the

[4] *See also Gilbert*, 330 U.S. at 508-09, 67 S. Ct. at 843: "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach…. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

forum jurisdiction, Plaintiff cannot claim that the United States District Court for the District of Rhode Island has even a modicum of interest in the dispute: neither Plaintiff nor any of the defendants have any substantive ties to this jurisdiction, and none of the events related to Plaintiff's claims occurred in Rhode Island. *See Mercier*, 935 F.2d at 429-30.

Moreover, given the absence of any nexus between Rhode Island and the plaintiff's claims, Canadian law will likely apply to these claims under Rhode Island's choice of law rules. *See, e.g.*, *Najarian v. Nat'l Amusements, Inc.*, 768 A.2d 1253, 1255 (R.I. 2001) (applying Massachusetts law under Rhode Island's interest-weighing choice of law rules where injury occurred in Massachusetts and where defendant was based out of Massachusetts but where plaintiff was a resident of Rhode Island). Canadian courts are in the best position to decide and apply Canadian law that likely governs these claims. Accordingly, the likely use of Canadian law to adjudicate this matter points to the dismissal of this action in the Rhode Island forum. *See Piper Aircraft Co.*, 454 U.S. at 260 ("in [*Gilbert*] we explicitly held that the need to apply foreign law pointed towards dismissal").

## **CONCLUSION**

This Court should dismiss Plaintiff's claims pursuant to the doctrine of *forum non conveniens* because (i) Canada is an adequate, alternative forum in which the plaintiff may prosecute his claims and (ii) under the private and public factors articulated in *Gilbert* and applied in the First Circuit, Rhode Island is an inconvenient and prejudicial forum for this case. Plaintiff is a Canadian citizen asserting claims regarding exposure and injury that occurred exclusively in Canada. These claims have no substantive nexus

with Rhode Island nor is any relevant evidence located in Rhode Island. As a result, defendants will be required, among other things, to defend this action without the ability to compel critical discovery, including third party witnesses and documents. In addition, this Court will have to expend its resources—as well as the time and efforts of Rhode Island residents—on a case that is wholly unrelated to the forum and that most likely will be governed by Canadian law. *See Piper Aircraft Co.*, 454 U.S. at 249, 102 S.Ct. at 262 ("Under *Gilbert*, dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice.").

Accordingly, for the reasons stated above, Garlock respectfully requests that the Court grant its motion to dismiss pursuant to the doctrine of *forum non conveniens*.

The Defendant,
Garlock Sealing Technologies, LLC,
Successor In Interest to Garlock, Inc.,
By its Attorneys,

/s/ Andrew C. Coulam

Andrew C. Coulam
R.I. Bar No. 6884
acoulam@taylorduane.com
Craig R. Waksler, Esq.
R.I. Bar No. 4945
cwaksler@taylorduane.com
Sheri L. Pizzi, Esq.
R.I. Bar No. 5720
spizzi@taylorduane.com

Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 (fax)

## CERTIFICATE OF SERVICE

I, Andrew C. Coulam, hereby certify that on January 11, 2007, I served a true and accurate copy of the following:

1. Memorandum of Law of Defendant Garlock Sealing Technologies LLC, Successor in Interest to Garlock, Inc., in Support of its Motion to Dismiss on the Grounds of *Forum Non Conveniens*

by CM/ECF electronic mail notification, to the following individuals listed on the Electronic Mail Notice List for the above matter:

Vincent L. Greene, IV, Esq.
vgreene@motleyrice.com

David H. Stillman, Esq.
dhs@stillmanlegal.com

R. Bart Totten
btotten@apslaw.com
djubacki@apslaw.com

/s/ Andrew C. Coulam

Andrew C. Coulam
R.I. Bar No. 6884
acoulam@taylorduane.com
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 (fax)