# EXHIBIT A

J. Sean Maidment

McMILLAN BINCH
BARRISTERS & SOLICITORS

SUITE 3800
SOUTH TOWER, ROYAL BANK PLAZA
TORONTO, ONTARIO
CANADA M5J 2J7

DIRECT LINE: (416) 865-7911
FACSIMILE: (416) 865-7048
E-MAIL: SMAIDMENT@MCBINCH.COM
WEBSITE: WWW.MCBINCH.COM



## THE SUPREME COURT OF CANADA

Under section 101 of the *Constitution Act, 1867*, the federal parliament established the Supreme Court of Canada to serve as a general court of appeals for all of Canada.

## TAKING JURISDICTION

U.S. manufacturers or distributors may be required to defend their products in Canada when a Canadian court exercises its jurisdiction to hear and determine disputes that may involve foreign defendants. The circumstances where Canadian courts may properly take jurisdiction over foreign defendants depend on the individual province's procedural rules regarding jurisdiction and the legal concept of *forum non conveniens*.

### Jurisdictional Rules

Six of the nine common law provinces have similar procedural rules governing when parties outside the province may be made party to and served with a civil action in their courts. In Ontario, British Columbia, Saskatchewan, Manitoba, Prince Edward Island and New Brunswick, parties outside the province may be served without the court's prior permission (and the court assumes jurisdiction over the proceeding and the parties) in cases involving:

- property in the province,
- contracts made in the province or that expressly provide that the contract will be governed by that province's law,
- torts committed in the province,
- damages sustained in the province arising from a tort or breach of contract wherever committed,
- a necessary and proper party (outside the province) to a proceeding properly brought against another person served in the province, or
- a party outside the province who is ordinarily resident or conducts business in the province.

The U.S. defendant in a products liability case will typically fall within several of the above categories where service is permitted without leave. In these six provinces, courts also have residual jurisdiction to grant plaintiffs leave to serve parties outside the province in other circumstances.

Alberta and Newfoundland allow service on parties outside the province in circumstances similar to those listed above, but only with leave of court. Plaintiffs in these two provinces must demonstrate in every case that the plaintiff has a reasonable cause of action, the claim falls within one of the above-enumerated circumstances, and the plaintiff knows where the defendant may be found. At the other extreme, Nova Scotia permits U.S. defendants to be served without leave under any circumstances.

In any case, defendants served outside a province may file a motion asking the court to stay the proceedings or set service aside. The court may do either where the defendant demonstrates that the rules of civil procedure do not authorize service outside the province, the province is not a convenient forum to hear the proceeding, or an order granting leave to serve outside the province should be set aside. The defendant does not submit to the court's jurisdiction by filing a motion to stay proceedings or set service aside on these grounds.

### *Forum Non Conveniens* Considerations

The court may decline jurisdiction if the court is not a convenient forum to hear the case even where it otherwise has proper jurisdiction over a matter pursuant to its rules of procedure. Unlike the jurisdictional rules, which vary among the provinces, the test for determining whether a particular court is a convenient forum to hear a controversy was nationalized by a 1993 Supreme Court of Canada decision. As a result of this decision, proceedings against a foreign defendant in any province may be stayed where the defendant can show that another jurisdiction is clearly more appropriate to adjudicate the dispute and secure the ends of justice. In so deciding, courts must consider a number of connecting factors, including:

- the juridical advantages and disadvantages of the jurisdiction to each party (including the parties' reasonable expectations regarding which jurisdiction would determine the dispute),
- the location where each party carries on business,
- where the cause of action arose or damages occurred,
- the existence of parallel foreign proceedings,

- the location of key witnesses,
- the applicable law and its weight compared with the factual issues,
- difficulty in proving foreign law, and
- the location of the defendant's assets.

## SERVICE

In most provinces, the manner of service depends on whether the document will initiate proceedings or claims against any party, generally called an "originating process," and whether the party to be served is inside or outside the province.

Ontario's rules regarding service inside the province are representative of the scheme followed by most provinces. Under Ontario's rules, parties may be served with an originating process by either personal service (typically by leaving a copy of the document with the person to be served) or one of four alternatives to personal service. Documents other than an originating process may be served by regular mail, personal service, or by leaving a copy with the party's lawyer. Additionally, courts may permit a substituted method of service, or dispense with service entirely, in the interest of justice in exceptional circumstances.

### Service Outside Canada

Serving parties outside Canada can be more complicated. Some foreign parties must be served in accordance with the *Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters* (the "Convention"). Signed November 15, 1965, the Convention establishes uniform procedures for member states to serve documents on individuals located in each other's countries. Since Canada is a signatory to the Convention, how a foreign party must be served depends on whether that party is located within a country that also signed the Convention (known as a "contracting state"), and whether the country is an "objecting state."[4]

[4] Note that each contracting state is also either an "objecting state" or "non-objecting state," which determines the particular procedure for service that must be followed.

Parties remain under an ongoing duty to disclose and produce documents, extending well beyond their initial disclosure and up to and during the trial. Thus, in most provinces, parties must serve supplementary lists of documents whenever another document comes into the party's power, possession or control, or an error in the original submission is discovered.

## SCOPE OF DISCLOSURE

Although they differ slightly in the form disclosure must take, the rules of the various provinces uniformly require parties to disclose the existence of all documents related to any matter in issue in the case that are within the party's power, possession or control. The pleadings determine which matters are in issue, and thus define the scope of relevancy. Generally speaking, parties have power and control over any document of which they can obtain the original or a copy. The existence of the documents must be disclosed regardless of whether they help or harm the party's case, and even if the party believes the particular document is privileged. The term *document* is broadly defined to include written instruments, sound recordings, video tapes, films, photographs, charts, graphs, plans, surveys, books of account, and any information electronically recorded or stored.

Under most provincial rules, parties must disclose the existence of not only documents currently possessed, but also any documents that *have been* in the party's possession, power or control. Parties must explain what became of the relevant documents that they no longer possess.

## PRODUCTION FROM NON-PARTIES

Most provinces do not grant parties the right to compel individuals who are not a party to the case to produce documents. In many provinces, production from non-parties is available only with a court order, and such orders are rarely granted. To obtain the order, the requesting party must demonstrate that the documents sought are relevant. In deciding whether to grant the order, the court will go on to consider such factors as whether the desired production is necessary to avoid unfairness, whether discovery from parties is inadequate and who caused the inadequacy, and

whether the document is available from other sources. The court will likely consider the relationship between the non-party and the parties as well.

## PRODUCTION FROM AFFILIATES AND SUBSIDIARIES

Though not themselves parties to the action, affiliates and subsidiaries may not enjoy the same protection from production as other strangers to a case. Parties generally find it far easier to obtain production from the opposing party's affiliate or subsidiary. Some provinces specifically empower their courts to order production of relevant documents in the possession, control or power of a subsidiary, affiliate or corporation controlled by a party.

## CLAIMS OF PRIVILEGE

As noted, the existence of all documents must be disclosed, regardless of their confidential, sensitive or privileged nature. However, parties may object to actually producing the document by claiming privilege. Indeed, in most Canadian jurisdictions, privilege is the only permissible grounds for resisting production of an otherwise relevant document.

Canadian law acknowledges three main forms of privilege. Legal professional privilege protects any communication by or between a party and its lawyer for the purpose of giving and receiving legal advice. Litigation privilege covers all documents created for either the dominant or sole purpose (depending on the jurisdiction) of assisting a party's counsel in preparing for anticipated or existing litigation. Finally, communications between parties, or one party and a third party, made in an effort to settle a case are protected by settlement privilege.

In most jurisdictions, the party claiming privilege must list and describe its privileged documents and indicate the grounds for the privilege claim. The other party may then challenge the claim by moving for the document's production. When faced with challenges, courts generally inspect the disputed documents and rule on whether they are privileged. When parties improperly claim privilege, courts sometimes order further production, or grant the other party leave to cross-examine the person who made the improper claim.